**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANET ZHANG,

    Plaintiff,

v.

WALGREEN CO.,

    Defendant.
_____/

No. C 09-05921 JSW

**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## INTRODUCTION

Now before the Court for consideration is the Motion for Leave to File an Amended Complaint filed by Plaintiff Janet Zhang ("Zhang"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, finds the matter suitable for disposition without oral argument, and, for the reasons set forth herein, DENIES Zhang's motion. *See* N.D. Civ. L.R. 7-1(b).

## BACKGROUND

In June 2000, Walgreen hired Zhang as a pharmacist, and she worked as a full-time employee until approximately 2005. (*See* Docket No. 28 (Amended Complaint ("FAC") ¶ 13).) Zhang alleges that she worked in a variety of different stores, however Walgreen considered her home store to be Store 5310, in Hayward, California. (*Id.*) In 2005, Zhang began to take personal leave during the winter months in order to reunite with her husband and daughter, who were in China. Zhang would return to work for Walgreen in the summer months. (*Id.* ¶ 14.) Zhang alleges that this pattern continued from 2005 through 2008.

According to Zhang, each year she would notify Walgreen when she would be returning to the area, and Walgreen would return her to active status in one of two districts, #153 (which included Hawyard) and #293 (Modesto). In addition, Walgreen would immediately reinstate her employment related benefits on the day she resumed working. (*Id*.)

On May 15, 2009, Zhang emailed Hilda Chung, the District Pharmacy Supervisor for District #293 and stated that she would be able return from her leave and start work the week of June 27, 2009, that she was four months pregnant, and that she planned to work for as long as she could before her due date in mid-October. (*Id.* ¶ 16.) According to Zhang, Ms. Chung responded "Congratulations! I am happy for you! I am sure you are excited ... Unfortunately at this time I am not able to offer any hours for you in the summer. If there is a need, I will contact you. Thank you." (*Id.* ¶ 17.) When Zhang asked Chung if she could work in any other districts, Chung told her to contact the pharmacy supervisor in the district of her choice but that Chung thought most districts were staffed and did not need extra help. (*Id.* ¶ 18.)

Zhang then contacted the District Manager, Linda DeFronzo ("DeFronzo"), in an effort to obtain shifts and alleges that she advised DeFronzo that "I think you can understand my situation and worries. You know how expensive medical payments would be without insurance. I am pretty desparate about paying for prenatal care and delivery without a job and medical coverage. I was very happy and excited about having a new life, but I didn't expect that I would be out of a job." (*Id.* ¶ 19.) Zhang also alleges that in July 2009, DeFronzo and Chung called her and stated that there were no full-time positions available and that even though there might be hours in the Oakland District, that the pharmacy supervisor for that district, Ruth Conroy ("Conroy") was not willing to restate her because Zhang would be going out on pregnancy leave. (*Id.* ¶ 23.)

Zhang alleges that in light of the pattern that "had been established of returning [her] to a position for four straight years," the fact that Walgreen denied her a position only after she told her supervisors that she was pregnant "demonstrated invidious unlawful discrimination toward a pregnant employee clearly in need of re-establishing medical care for her own welfare and the welfare of her unborn child." (*Id.* ¶ 24.)

2

1  On October 29, 2009, Zhang filed a complaint in the Superior Court of the State of California in and for the County of Alameda ("Alameda Superior Court") against Walgreen, as well as Chung, DeFronzo, and Conroy.  Zhang brought claims for discrimination and retaliation in violation of California's Fair Employment and Housing Act ("FEHA"), violations of California Business and Professions Code §§ 17200, *et seq.*, and various other state law claims, including intentional and negligent infliction of emotional distress.  (Notice of Removal, Ex. A (Complaint).)  On December 9, 2009, Zhang dismissed, without prejudice, the claims for negligent and intentional infliction of emotional distress, which were the only claims asserted against Chung, DeFronzo, and Conroy.  (*See id.*, Exs. A, C.)

On December 17, 2009, Walgreen removed the action to this Court on the basis that there was complete diversity between the parties.  (*Id.*)  Thereafter, the parties participated in a case management conference, conducted discovery, and engaged in an unsuccessful mediation.  On July 30, 2010, Zhang filed the FAC.  However, on September 2, 2010, the Court granted Walgreen's motion to strike that complaint and granted Zhang leave to either amend her complaint pursuant to a stipulation or to seek leave of court.

On September 9, 2010, Zhang filed the instant motion for leave to amend her complaint to re-assert the claims for negligent and intentional infliction of emotional distress against Walgreen and Chung.

### ANALYSIS

**A.   Applicable Legal Standard.**

Federal Rule of Civil Procedure 15 permits parties to amend pleadings once as a matter of right within twenty-one days of service or, within twenty-one days after service of a responsive pleading or service of specified motions under Rule 12.  Fed. R. Civ. P. 15(a)(1).  Thereafter, a party may amend only with consent of the opposing party or with leave of court.  In accordance with the liberal pleading standard under the Federal Rules of Civil Procedure, leave of the court "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless

3

the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Walgreen opposes Zhang's motion solely on the basis that amendment would be futile.

**B.     Zhang's Motion is Denied.**

Walgreen contends that Zhang should not be permitted to add a claim for intentional infliction of emotional distress ("IIED"), because she has not alleged that Walgreen or Chung engaged in extreme and outrageous conduct. To state a claim for IIED, a plaintiff must allege: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." *Cole v. Fair Oaks Fire Dept.*, 43 Cal. 3d 148, 155 n.7 (1987). This tort imposes liability for "conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." *Id.*

However, where a plaintiff only pleads commonly necessary personnel management action, an IIED claim will fail. *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency...." *Id.* The *Janken* court thus held that simply pleading personnel management activity is insufficient to support an IIED claim, even if the plaintiff alleges that such activity was improperly motivated. Rather, "if personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Id.* Numerous courts have followed *Janken* and have dismissed intentional infliction of emotional distress claims premised on personnel management decisions. *See, e.g., Gonzales v. City of Martinez*, 638 F. Supp. 2d 1147, 1161-1162 (N.D. Cal. 2009); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002); *Helgeson v. Amer. Intern. Group., Inc.*, 44 F. Supp. 2d 1091, 1097 (S.D. Cal. 1999); *Bradwhaw v. Glatfelter Ins. Grup.*, 2009 WL 1438265, at *4 (E.D. Cal. May 20, 2009); *Bragg v. East Bay Regional Park Dist.*, 2003 WL 23119278, at *8-9 (N.D. Cal. Dec. 29, 2003); *but see Jelinic v. Xerox Corp.,* 2004 WL 2217643, at *6 (N.D. Cal. Oct. 1, 2004)

4

1 (limiting holding in *Janken* to claims against supervisory employees) (citing *Phillips v. Gemini*
2 *Moving Specialists*, 63 Cal. App. 4th 563, 576-77 (1998) (holding that IIED claim against
3 employer is not barred by exclusivity provision of worker's compensation law)).

4 Here, Zhang does not bring a harassment claim and she makes no allegations that Chung
5 engaged in a sustained personal attack on her, which distinguishes this case from cases where
6 courts have concluded a plaintiff stated a claim for IIED based on conduct that occurred in the
7 workplace. *See, e.g., Kovatch v. California Casualty Mgmt. Co.*, 65 Cal. App. 4th 1257 (1998)
8 (finding plaintiff stated a claim for IIED where defendant made repeated derogatory references
9 to the plaintiffs' sexual orientation). Zhang argues that the emotional distress she allegedly
10 suffers "would have been avoidable if Ms. Chung had not misrepresented Plaintiff's desire to
11 secure work, either full-time or part-time, to the Oakland District Manager, where there was an
12 opening for a full-time position." (Mot. at 5:5-7.) The flaw in this argument is that these facts
13 are not alleged in the complaint and are not supported by the deposition testimony Zhang
14 submits in support of her motion for leave to amend. (*See* Declaration of Tanya P. Tambling,
15 Ex. A at (Deposition of Hilda Chung at 102:23-103:14).) Zhang has alleged nothing more than
16 personnel management decisions that "even if improperly motivated or demonstrative of poor
17 judgment, do not support a claim for" IIED. *Mitchell v. Correctional Corporation of America*,
18 2010 WL 3168412 at \*6 (S.D. Cal. Aug. 9, 2010). Although a court normally should freely
19 grant a plaintiff leave to amend, in this case Zhang comes to the Court seeking leave to amend
20 with the benefit of full fact discovery. Therefore, the Court finds granting her leave to amend
21 would be futile.

22 Moreover, even if under the rationale of the *Jelinic* case, Zhang could state a claim for
23 IIED only against Walgreen the Court would still deny her motion on the basis of undue delay.
24 Zhang asked to reassert this claim against Walgreen as the deadline for the parties to file
25 motions for summary judgment was approaching. Indeed, Walgreen has since filed its motion
26 for summary judgment on all pending claims. If the Court were to grant Zhang leave to amend
27 to include this claim, the Court would be required to delay the hearing on the motions for
28 summary judgment, pretrial and trial in order to afford Walgreen an opportunity to move for

5

summary judgment on this claim as well. Moreover, Zhang's amended complaint is substantially identical to her original complaint and, thus, the facts supporting an IIED claim against Walgreen have been known to her since she filed that complaint. For these reasons, the Court denies her motion for leave to amend to reassert the IIED claim.

Walgreen also argues that Zhang's motion for leave to amend to include a claim for negligent infliction of emotional distress claim should be denied because it is premised on allegations of intentional conduct. "[A]n intentional act cannot give rise to a claim for negligent infliction of emotional distress." *Dayton v. Modesto Irrigation Dist.*, 2007 WL 4107904, * 13 (E.D. Cal. Nov. 16, 2007) (granting summary judgment on negligent infliction of emotional distress claim where the plaintiff's allegations in support of his negligence claim merely incorporate his prior claims for intentional discrimination); *see also Mitchell*, 2010 WL 3168412, at * 8 (granting motion to dismiss where plaintiff alleged only intentional conduct); *Edwards v. United States Fidelity and Guaranty Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994) (plaintiff's claim negligent infliction of emotional distress claim premised on defendants' rescission of her promotion and transfer was precluded as a matter of law because the alleged conduct was intentional); *Semore v. Pool*, 217 Cal. App. 3d 1087, 1105 (1990) (noting that employer's supervisory conduct is "inherently intentional").

Zhang merely incorporates her general factual allegations to support her claim for negligent infliction of emotional distress. (FAC ¶ 80.) Upon review of her proposed FAC, the Court finds that Zhang only alleges intentional, not negligent, conduct. Accordingly, the Court denies Zhang's motion for leave to amend on this basis as well.

**IT IS SO ORDERED.**

Dated: October 20, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6